IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-CR-261-WKW |
| | ) | [WO] |
| TYRONE WATSON | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Tyrone Watson's *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendments 782 and 788 to the United States Sentencing Guidelines ("U.S.S.G.").[1]  (Doc. # 189.)  Amendment 782, in conjunction with Amendment 788, retroactively reduced by two levels the base offense levels for most drug quantities in U.S.S.G. § 2D1.1(c).  Watson's motion was referred to this district's Retroactivity Screening Panel ("Panel") for a recommendation on whether he is eligible for a sentencing reduction under § 3582(c)(2) and Amendments 782 and 788.  The Panel was unable to reach a unanimous recommendation.  For the reasons that follow, Watson is not eligible for a sentence reduction, and, alternatively, the 18 U.S.C. § 3553(a) factors do not justify a reduction.

---

[1] Watson's motion, which requests review by the Retroactivity Screening Panel (Doc. # 189), is construed as a motion for reduction of sentence under § 3582(c)(2).

# I. BACKGROUND

In November 2008, Watson was sentenced to a 147-month term of imprisonment based upon his guilty plea to federal drug and firearm charges. Watson's convictions exposed him to a statutory sentencing range of 10 years to life for conspiracy to distribute and possess with intent to distribute cocaine (crack and powder) (Count 1) and a consecutive mandatory minimum sentence of 5 years on a firearms offense under 18 U.S.C. § 924(c)(1)(A) (Count 6).[2]

Under the Guidelines Manual in effect on the date of Watson's sentencing, his guideline range was 121 to 151 months based upon a total offense level of 31[3] and a

---

[2] The government withdrew its 21 U.S.C. § 851 notice at the sentencing hearing. Consequently, the increased penalties set out in the presentence investigation report are no longer applicable.

[3] At sentencing, the court held Watson accountable for 184.9 grams of cocaine base, 32.45 grams of cocaine powder, and 11 grams of marijuana, and did not adopt the higher drug quantities established by the presentence investigation report. (*See* Doc. # 146, at 24–25.) Because more than one drug was involved, Watson's base offense level was calculated by converting the drugs to their marijuana equivalents. *See* U.S.S.G. § 2D1.1(a)(3) & (c)(4) (Nov. 2008). Under the November 1, 2008 Guidelines Manual in effect when Watson was sentenced, *see* U.S.S.G. 1B1.11(a), the marijuana equivalency conversion produced a base offense level of 34; however, because the calculations included cocaine base, a two-level reduction applied, resulting in a base offense level of 32. U.S.S.G. § 2D1.1, comment. (n.10(D)(i)) (Nov. 1, 2008). After a two-level increase for an aggravated role, *see* U.S.S.G. § 3B1.1(c), and a three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Watson's total offense level was 31.

The presentence report applied the 2007 version of the Guidelines Manual, as amended May 1, 2008; the updated November 1, 2008 version of the Guidelines Manual incorporated the May 2008 amendments. For purposes of this opinion, the pertinent guidelines are the same in the November 2007 Guidelines Manual, as amended in May 2008, and in the November 2008 Guidelines Manual.

criminal history category of II.  Although Watson was subject to a 120-month statutory mandatory minimum, the mandatory minimum did not restrict his guideline range because the bottom of the guideline range was more than 120 months.

At sentencing, the court granted the Government's motion for a three-level downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based upon the substantial assistance provided by Watson and, on Count 1, sentenced Watson below both his guideline range and the statutory mandatory minimum.  *See* § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."); U.S.S.G. § 5K1.1 (Nov. 1, 2008) ("Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.").  For purposes of calculating the departure, the court reduced the total offense level from 32 to 28, which resulted in a guideline range of 87 to 108 months.  It then imposed an 87-month sentence on Count 1 and a 60-month consecutive sentence on Count 6, for a total term of imprisonment of 147 months.  There was no appeal.

In 2011, the Sentencing Commission issued Amendments 750 and 759, *see* U.S.S.G. App. C, amend. 750, 759 (Nov. 1, 2011),[4] which operated together to retroactively lower base offense levels for certain offenses involving cocaine base. In November 2012, the court granted Watson a § 3582(c)(2) reduction in his term of imprisonment under Amendment 750.  (Doc. # 172.)  Amendment 750 lowered Watson's base offense level from 31 to 28.  After a two-level increase for an aggravated role, *see* U.S.S.G. § 3B1.1(c), and a three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Watson's total offense level was 27. Based on the new total offense level and a criminal history category of II, Watson's amended guideline range would have been 78 to 97 months, but, because his 120-month mandatory minimum exceeded the otherwise applicable guideline range, his amended guideline range was restricted to precisely the statutory mandatory minimum of 120 months.

The sentencing court calculated a three-level reduction for substantial assistance from the statutory mandatory minimum in accordance with the teachings of *United States v. Head*, 178 F.3d 1205 (11th Cir. 1999) (holding that, where the guideline range is lower than the statutory mandatory minimum sentence, the

---

[4] Amendment 750 reduced the marijuana-to-crack conversion ratio from 20,000-to-1 to 3,751–to–1.  *See* U.S.S.G. § 2D1.1, comment. (n.10(D)) (Nov. 1, 2011).  Amendment 759 added Amendment 750 to the version of § 1B1.10(c) then in effect, which made Amendment 750's application in § 3582(c)(2) proceedings retroactive.

starting point for a substantial assistance departure is the statutory mandatory minimum and not the lower guideline range).  Correlating the statutory mandatory minimum with a guideline offense from the sentencing table, the court departed from a guideline range of 97 to 121 months (total offense level of 29/criminal history category II), which was the lowest range that included 120 months.[5]  A three-level departure to offense level 26 yielded a guideline range of 70 to 87 months, and the court imposed a sentence at the range's floor on Count 1 (*i.e.*, 70 months), the same as it had done at the original sentencing hearing.  Watson's amended term of imprisonment was 130 months (70 months on Count 1 and 60 months on Count 6).

The Sentencing Commission again lowered specified sentencing ranges through Amendment 782.  Effective November 1, 2014, Amendment 782 reduced by two levels the base offense levels for most drug quantities in § 2D1.1(c).  *See* U.S.S.G. Supp. to App. C, amend. 782 at 64–74, amend. 788, at 86–88 (Nov. 1, 2014).  Amendment 788, by including Amendment 782 on the list of amendments in § 1B1.10(d), made Amendment 782 retroactive, effective November 1, 2014, so as to lower sentences of qualifying previously sentenced inmates, but delayed for one year the release of eligible offenders.  This case is before the court on Waton's *pro se* motion for a sentence reduction based upon Amendment 782.

---

[5] The same district judge presided over the original sentencing and the § 3582(c)(2) motion for a reduction under Amendment 750.  The case subsequently has been reassigned to the undersigned.

## II.  DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted).  Section 3582(c)(2) supplies one of those narrow exceptions and gives the district court discretion to modify a sentence if the following three prerequisites are met:  (1) The defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)"; (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the relevant factors set out in 18 U.S.C. § 3553(a) demonstrate that the defendant is entitled to relief.  § 3582(c)(2); *see also United States v. C.D.*, No. 15-3318, ___ F.3d ___, 2017 WL 694483, at *2 (10th Cir. Feb. 22, 2017) ("Section 3582(c)(2) plainly tells us a defendant must overcome three distinct hurdles before he may obtain a sentence reduction thereunder.").  As these requirements portend, a reduction of a sentence under § 3582(c)(2) "does not constitute a *de novo* resentencing."  *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

The Supreme Court of the United States has condensed the § 3582(c)(2) inquiry to two steps.  Step one examines a defendant's eligibility for a sentence

reduction and, where eligibility is met, the extent of the reduction authorized.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction."  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  The court calculates the impact of the applicable retroactive guideline amendment on the sentencing range and leaves intact all other original sentencing findings.  The guideline amendment must lower the "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." § 1B1.10, comment. (n.1(A)).  Section 1B1.10 also dictates the extent of the reduction permitted.  For example, generally, an authorized reduction cannot dip below the amended guideline range, but where the original sentence was below the guideline range to reflect the defendant's substantial assistance to the government, § 1B1.10(b)(2)(B) permits a "comparable" reduction below the amended guideline range.  *Id.* § 1B1.10(b)(2)(B); *see also Dillon*, 560 U.S. at 827.

Step two involves the district court's analysis of the § 3553(a) factors.  The district court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies

relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

The discussion proceeds in two parts. First, the court addresses why Watson is ineligible for a sentence reduction under § 3582(c)(2). Second, and alternatively, the court explains why, even if it is assumed that Watson is eligible for a sentence reduction, the applicable § 3553(a) factors do not warrant a reduction.

## A. <u>Watson is not eligible for a sentence reduction under § 3582(c)(2).</u>

Section 3582(c)(2) authorizes a sentence reduction where the court originally set the term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). A defendant who is "not sentenced 'based on' a guidelines range . . . is not eligible for a sentence modification under section 3582."[6] *United States v. Hughes*, No. 15-15246, ___ F.3d ___, 2017 WL 744010, at *5 (11th Cir. Feb. 27, 2017). For example, in *Hughes*, the Eleventh Circuit held that the defendant was ineligible for a § 3582(c)(2) sentence reduction because his binding plea agreement for a sentence of 180 months did not clearly provide that the "180-months recommendation [was] a guidelines sentencing range." *Id.* Additionally, § 3582(c)(2) does not authorize relief if the retroactive guideline amendment would "not have the effect of lowering the

---

[6] In this opinion, references to "sentencing range" and "guideline(s) range" are synonymous.

defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." § 1B1.10, comment. (n.1(A)); *see also United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's *base offense level*, but does not alter the *sentencing range* upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." (emphasis added)).

Here, Watson is ineligible for a sentence reduction on Count 1.[7]  As will be explained, Watson's term of imprisonment on Count 1, although originally based on a sentencing range, now is based solely on a statutory mandatory minimum that Amendment 782 has not lowered.

At his original sentencing hearing in 2008, § 2D1.1(c)'s drug quantity table set the floor and ceiling of the sentencing range, resulting in a pre-departure guideline range of 121 to 151 months.  However, later, in 2012, the court found that Amendment 750 lowered Watson's guideline range on Count 1, but that because the range was less than the statutory mandatory minimum, the amended guideline sentence on Count 1 was the 120-month *statutory* mandatory minimum, *see* 21

---

[7] Amendment 782 does not affect the sentence on the § 924(c)(1) conviction (Count 6). *See United States v. Mesa*, 649 F. App'x 711, 712 n.1 (11th Cir. 2016) ("Mesa concedes that her § 3582(c)(2) motion based on Amendment 782 did not implicate her mandatory, consecutive 120-month sentence on Count 5, her firearm offense, which was imposed pursuant to 18 U.S.C. § 924(c).").

U.S.C. § 841(b)(1)(A)(iii) (eff. July 27, 2006 to Apr. 14, 2009); 21 U.S.C. § 846, which then was reduced from 87 months to 70 months under § 3553(e) and § 5K1.1 to reward Watson's substantial assistance, for a total term of imprisonment of 130 months.

Where, as here, a defendant has been granted a § 3582(c)(2) reduction in his term of imprisonment and he later seeks an additional § 3582(c)(2) reduction based upon a new retroactive guideline amendment, the Eleventh Circuit has examined the sentencing range underlying the reduced term of imprisonment, and not the original sentencing range, to assess whether the range is one that the Sentencing Commission subsequently has lowered. *See United States v. Tellis*, 748 F.3d 1305, 1309 (11th Cir. 2014) ("Amendment 750 did not lower his offense level after the Amendment 706 modification, and thus did not alter the guideline range."); *see also United States v. Derry*, 824 F.3d 299, 301–02 (2d Cir.) ("We hold that when a defendant is serving a term of imprisonment *that has been modified* pursuant to § 3582(c)(2), his sentence is 'based on' the guideline range applied at his most recent sentence modification, rather than the range applied at his original sentencing." (emphasis added)), *cert. denied*, 137 S. Ct. 316 (2016). Accordingly, for purposes of deciding whether Watson is eligible for a reduction in his term of imprisonment under § 3582(c)(2) based upon Amendment 782, the court relies on the range established during the Amendment 750 proceedings. That range is not, of course, actually a range; it is

precisely 120 months due to the constraints of the minimum penalty for the statute of conviction on Count 1.

To determine Watson's eligibility for a § 3582(c)(2) sentence reduction, the court calculates the impact of Amendment 782 on Watson's pre-departure sentencing range, leaving intact all other sentencing findings.  Amendment 782 reduces Watson's base offense level from 28 to 26.  After a two-level increase for an aggravated role, *see* § 3B1.1(c), and a three-level decrease for acceptance of responsibility under § 3E1.1(b), Watson's total offense level is 25.  A total offense level of 25 and criminal history category of II yields an amended guideline range of 63 to 78 months.  However, because Watson remains subject to a statutory mandatory minimum that exceeds the range of 63 to 78 months, his new pre-departure guideline sentence again simply is 120 months, the same as it was after he received an Amendment 750 sentence reduction.  *See* U.S.S.G. §§ 5G1.1(b), 5G1.2.  Any sentence ultimately imposed again would be "based on" the statutory mandatory minimum, § 3582(c)(2), not a guideline range that Amendment 782 lowered.  Amendment 782 did not lower, and could not have lowered, the statutory mandatory minimum sentence; therefore, Watson is ineligible for a sentence reduction.  This conclusion aligns with circuit precedent.  *See United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) (holding that, where the mandatory minimum exceeds the high end of the guideline range, a defendant whose original

sentence reflected a substantial-assistance departure below a statutory mandatory minimum is not eligible for a § 3582(c)(2) reduction because the defendant's sentence is based on a statutory mandatory minimum, and is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2)).

The inquiry should be at end, but it is not.  Section 3582(c)(2) requires that a sentence "reduction [be] consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(2).  The relevant "policy statement governing § 3582(c)(2) proceedings" is set forth in § 1B1.10.  *Dillon*, 560 U.S. at 819.  At the same time Amendment 782 issued, the Sentencing Commission also promulgated Amendment 780 and expressly rejected *Glover*.  *See* U.S.S.G. Supp. to App. C, amend. 780, at 53–56 (Nov. 1, 2014) (observing that Amendment 780 parts ways with *Glover*'s holding that a defendant whose original and amended sentencing ranges are based upon the same statutory mandatory minimum "would not be eligible for any reduction because the range has not been lowered").

Amendment 780 added a new subsection (c) to § 1B1.10.  Section 1B1.10(c) is titled "Cases Involving Mandatory Minimum Sentences and Substantial Assistance."  It provides:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes

of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

§ 1B1.10(c) (Nov. 1, 2014).  Sections 5G1.1 and 5G1.2, as pertinent here, provide that, when the statutory mandatory minimum sentence exceeds part or all of the guideline range, the guideline range is restricted by the statutory mandatory minimum.  Because § 3553(e) authorized the court to sentence Watson below the statutory mandatory minimum sentence of 120 months on Count 1, § 1B1.10(c), if applied, bears on Watson's motion for a sentence reduction.  *See* § 1B1.10, comment. (n.8) (directing courts to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment").

Section 1B1.10(c), in effect, overrides the applicability of a statutory mandatory minimum penalty when the defendant has received a substantial-assistance departure below that minimum.  In *Dillon*, the Supreme Court concluded that § 1B1.10 is binding on courts in § 3582(c)(2) proceedings.  *See* 560 U.S. at 824–28.  But the Court decided *Dillon* prior to § 1B1.10(c)'s amendment in 2014, and it was not confronted with a guideline policy statement that overruled a statute's application.  For the reasons this court set forth in *United States v. Sawyer*, No. 2:06-CR-298-WKW, 2016 WL 7045732 (M.D. Ala. Dec. 2, 2016), § 1B1.10(c) "flies in the face of Congress's minimum penalties for specified drug crimes," and where

13

"there is a conflict between a guideline policy statement and a federal statute, the guideline must give way." *Id.* at *8. Because the Sentencing Commission has no authority to override the statutory mandatory minimum sentence, this court rejected § 1B1.10(c) in *Sawyer* and applied *Glover*. *See Glover*, 686 F.3d at 1206. The court does the same here.[8]

Watson's sentence is legally indistinguishable from the defendant's in *Glover*. Both Watson and Glover received sentences based on a statutory mandatory minimum (120 months for Watson; life for Glover), but the courts departed below the statutory mandatory minimums based upon § 5K1.1/§ 3553(e) motions predicated on the defendants' substantial assistance. But for the statutory mandate

---

[8] Admittedly, Amendment 780's effect on a defendant's *eligibility* for a sentence reduction is up for debate. The Tenth Circuit recently noted that, in § 1B1.10(c), the Sentencing Commission speaks in "less-than-clear terms" by "alter[ing] course" with § 1B1.10's application note 1(A) and "tell[ing] district courts to ignore any statutorily-mandated minimum sentence where the defendant has received a § 3553(e) downward departure for substantial assistance." *C.D.*, 2017 WL 694483, at *2 n.3. The court in *C.D.*, while noting that courts, including this court in *Sawyer*, had found that § 1B1.10(c) "exceeds the Commission's statutory authority," it found it unnecessary to reach § 1B1.10(c) on grounds that § 1B1.10(c) pertains to § 3582(c)(2)'s "consistent with" clause, rather than its "based on" clause upon which it resolved the appeal. *Id.*; *see also id.* at *3 (Because "each Defendant's mandatory minimum sentence was greater than the high end of his applicable guideline range," the pre-departure sentencing range was "based on" the mandatory minimum, rather than the applicable guideline range, *id.* at *3, and the defendant was not eligible for a sentence reduction under § 3582(c)(2) based upon Amendment 782. Due to the Sentencing Commission's lack of clarity and because its reasoning for promulgating Amendment 780 indicates that the defendant in the Eleventh Circuit's *Glover* decision would have been eligible for a sentence reduction had Amendment 780 been in effect, this court, in the interest of covering all the bases, addresses Amendment 780 at the eligibility inquiry.

that froze Watson's minimum sentence at 120 months, Amendment 782 would have lowered Watson's guidelines range.  Amendment 782 is of no help to Watson; his sentence is based on a statutory mandatory minimum and not the lower guidelines range.  His guidelines range was after the Amendment 750 modification—and still is—120 months, just as Glover's "guidelines range was—and still is—life in prison."  686 F.3d at 1208.  In sum, the 10-year statutory mandatory minimum applicable to Watson's conviction on Count 1 cannot, and will not, be disregarded in the § 3582(c)(2) analysis, and the 10-year statutory mandatory minimum, which exceeds the otherwise applicable guideline range, renders Watson ineligible for a sentence reduction based upon Amendment 782.

**B.    Alternatively, the § 3553(a) factors do not justify a sentence reduction.**

Even if it is assumed that Amendment 782 applies and that Watson is eligible for a sentence reduction, he is not entitled to a reduction as a matter of right.  Section 3582(c)(2), which is worded permissively, gives a court discretion to decline to grant a reduction if it finds that the § 3553(a) factors do not warrant a sentence reduction.  Having considered all of the factors set out in § 3553(a), the court finds that Watson's original sentence was an appropriate sentence and that a § 3582(c)(2) sentence reduction is not warranted.

**1.**    *§ 3553(a)(1)*

Section 3553(a)(1)'s factors—the nature and circumstances of the offense and the history and characteristics of the defendant—confirm the appropriateness of the 70-month sentence.  Watson was convicted of a crime involving a serious drug trafficking offense.[9]  Congress deemed the drug conspiracy charge serious enough to curtail the district court's sentencing discretion by imposing a mandatory minimum sentence of ten years.  *See* 21 U.S.C. § 841(b)(1)(A)(iii) (eff. July 27, 2006 to Apr. 14, 2009) (providing a 10-year mandatory minimum sentence for possession with intent to distribute 50 grams or more of cocaine base); § 846 (cross-referencing the penalty provisions of § 841(b)).

Watson was a leader in a large-scale crack and powder cocaine operation with multiple co-conspirators.  Throughout a period of several years, he participated in numerous sales of cocaine base at a "crack house," where firearms were readily accessible and which was protected by armed guards and video surveillance.  The 70-month sentence imposed on Count 1 takes into account the nature and circumstances of the offense and Watson's history and characteristics.

---

[9] His offenses also include the illegal use of firearms, but, as noted earlier, the 5-year consecutive sentence on the § 924(c) charge is not impacted by Amendment 782.

### 2.    § 3553(a)(2)

In addition to historical concerns and the nature and circumstances of the offense, the 70-month sentence on the drug-conspiracy offense appropriately takes into account "the need for the sentence imposed . . . to reflect the seriousness of the offense." § 3553(a)(2).  The 70-month sentence also accounts for Watson's cooperation.  But for Watson's cooperation with authorities, he would have faced a minimum term of imprisonment of 120 months on Count 1.  A sentence below 70 months would understate the seriousness of the offenses.  Furthermore, the sentence, as it stands, serves to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from further criminal activity by Watson.

### 3.    § 3553(a)(6)

The court also has considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6).  Notably, Amendment 780 ("§ 1B1.10(c)" or "Amendment 780") produces an anomaly in this circuit.  Application of § 1B1.10(c) to the fullest extent permitted by its terms creates a disparity between § 3582(c)(2) sentence modifications and original sentences where a defendant's statutory mandatory minimum on a drug offense displaces all or part of the otherwise

applicable guideline range.[10]   *Unlike Amendment 780, the current version of the Guidelines does not eradicate the statutory trumping rules in § 5G1.1 and § 5G1.2 at an original sentencing.*   Consequently, in the Eleventh Circuit, *Head*, is controlling precedent at an original sentencing. *See* 178 F.3d at 1206–08 (holding that, under § 5G1.1(b), where the guideline range is lower than the statutory mandatory minimum sentence, the starting point for a § 3553(e)/§ 5K1.1 substantial assistance departure is the statutory mandatory minimum and not the lower guideline range).  In other words, a court cannot disregard the statutory mandatory minimum at an original sentencing hearing in the manner that § 1B1.10(c) permits for purposes of a § 3582(c)(2) sentence modification.  Hence, a defendant sentenced today under the current Guidelines Manual who cooperates with the authorities but is subject to a statutory mandatory minimum sentence for specified drug quantities could be at a substantial sentencing disadvantage when compared to a defendant seeking the benefit of a retroactive guideline amendment in a § 3582(c)(2) proceeding.[11]  There

---

[10] The court recognizes that Watson does not fit within this category because, at his original sentencing, his guideline range exceeded the statutory mandatory minimum penalty on Count 1. The larger ramifications of § 1B1.10(c) on sentencing in this circuit is nonetheless an important consideration.

[11] The comparison of a defendant who is sentenced today and one who was sentenced prior to the Fair Sentencing Act of 2010 ("FSA") is not apples to apples.  The FSA "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012).  But the FSA does not have retroactive application. *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) ("Nothing in the FSA extinguishes the statutory mandatory minimum sentence or penalty already imposed in Berry's case before the FSA's enactment.  We agree with every other circuit to address the issue

is no mention of this disparity in the commentary and application notes accompanying the new § 1B1.10(c).[12] *See generally United States v. Smith*, No. CR 12-20066-32-KHV, 2016 WL 2958453, at *5 (D. Kan. May 23, 2016) ("To allow defendants sentenced before Amendment 782 to receive a reduction beyond that authorized in the current version of Section 3553(e) and the Guidelines would create a significant disparity based on when a particular defendant was sentenced.").

---

that there is 'no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.'" (citation omitted)); *see also United States v. Burgess*, 627 F. App'x 864, 866 (11th Cir. 2015) ("[T]he FSA does not apply to lower Mr. Burgess' mandatory minimum sentence from 120 months to 60 months, because the FSA does not come within the scope of § 3582(c)(2), as it is 'not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress.'" (quoting *Berry*, 701 F.3d at 377)). But the point here is that, at an original sentencing hearing, the defendant described above, remains stuck under *Head* with the mandatory minimum sentence for purposes of a departure for substantial assistance.

[12] The Commission's reason for the amendment in § 1B1.10(c) is silent as to the disparity it creates in the Eleventh Circuit:

> Th[e] clarification [in § 1B1.10(c)] ensures that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for that assistance. See USSG App. C. Amend. 759 (Reason for Amendment). As the Commission noted in the reason for that amendment: "The guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range has been reduced and made available for retroactive application under section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing." *Id.*

*See* U.S.S.G. Supp. to App. C, amend. 780 (Reason for Amendment) (Nov. 1, 2014).

The sentencing disparity that Amendment 780 yields in the Eleventh Circuit—as to defendants whose substantial-assistance departures are stymied at an original sentencing by mandatory minimum sentences—presents another good reason to be suspicious of § 1B1.10(c) and weighs against a sentence reduction in this case.

### 4.    *Summary*

For the reasons set forth above and at the original sentencing hearing on November 4, 2008, the court finds that the sentence of 70 months on Count 1 is sufficient, but not greater than necessary, to meet the sentencing factors set forth in § 3553(a), after considering Watson's substantial assistance.  Watson's sentence was reasonable then, and it is now.  Accordingly, even if Watson were eligible for a sentence reduction, the court would decline to reduce his sentence under § 3582(c)(2) and Amendment 782.

## III.  CONCLUSION

Watson is ineligible for an Amendment 782 reduction under § 3582(c)(2).  His current sentencing range is based upon a statutory mandatory minimum, not on a sentencing range that the Sentencing Commission subsequently has lowered, and the Sentencing Commission has no authority to override the statutory mandatory minimum.  Alternatively, even if Watson's eligibility for a sentence reduction is assumed, the applicable § 3553(a) factors do not warrant a reduction.

Accordingly, it is ORDERED that Watson's *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 (Doc. # 189) is DENIED.

DONE this 8th day of March, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE